# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE JONES, | 1:08-cv-01383-LJO-SMS-PC |
| Plaintiff, | ORDER RE OBJECTION TO ORDER SEVERING PLAINTIFFS' CLAIMS |
| v. | ORDER EXTENDING TIME FOR PLAINTIFF CHRISTINE JONES TO SUBMIT AMENDED COMPLAINT |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | THIRTY DAY DEADLINE |

## I.  RELEVANT PROCEDURAL HISTORY

On December 5, 2007, plaintiffs Christine Jones and Mark Jones ("co-plaintiffs"), husband and wife, filed a civil rights action pursuant to 42 U.S.C. § 1983 at the United States District Court for the Northern District of California.  On January 8, 2008, the case was transferred to the Eastern District of California and opened under case number 1:08-cv-00069-LJO-SMS-PC.  On September 16, 2008, the court issued an order severing the co-plaintiffs' claims and directed the Clerk to open a new action for plaintiff Christine Jones.  (Doc. 3.)  As a result, each of the co-plaintiffs now proceeds with a separate action, and Christine Jones now proceeds as sole plaintiff in the instant action. The court ordered the co-plaintiffs to each file an amended complaint bearing his or her own case number, within thirty days.  On October 17, 2008, plaintiff Mark Jones filed an amended complaint in his case 1:08-cv-00069-LJO-SMS-PC.  On October 20, 2008, the co-plaintiffs filed objections to the court's severance order of September 16, 2008.

## II. MOTION FOR RECONSIDERATION

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

## III. SEVERANCE OF CLAIMS

Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance under Rule 21. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 3, 2006); See Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir.1994) (stating "[t]he trial court has broad discretion to sever issues"); Williams v. Felker, 2006 WL 495994, at *1 (E.D.Cal. March 1, 2006) (stating that under Rule 21, "courts have broad discretion regarding severance"); Grigsby v. Kane, 250 F.Supp.2d 453, 456 (M.D.Pa.2003) ("stating "the court has virtually unfettered discretion in determining whether or not severance is appropriate"). Claims being severed must be "discrete and separate...." Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir.2000). Further, "[f]airness is a critical consideration in determining whether severance is appropriate[,]" and therefore it must be determined whether any party would suffer prejudice. Pena v. McArthur, 889 F.Supp. 403, 407 (E.D.Cal.1994).

## IV. DISCUSSION

The co-plaintiffs, Mark Jones and Christine Jones, object to the severance of their claims because it will cause "irreparable damage to their case," "misrepresentation of the facts," and violation of their Fourteenth Amendment rights to due process. The co-plaintiffs state that "the INITIAL COMPLAINT stands."

///

Here, the co-plaintiffs' complaint contains two separate law suits with discrete and separate claims.  One lawsuit belongs to Mark Jones, inmate at the California Substance Abuse Treatment Facility at Corcoran (SATF), who claims his due process rights were violated when prison officials failed to provide him with a "Notice of Visit Termination" form after his wife was denied a visit with him on September 14, 2007, when officers threw away the Form 602 prison grievances he filed, and when his visitation rights were suspended without a hearing.  The other lawsuit belongs to Christine Jones, a non-prisoner plaintiff proceeding pro se, who alleges prison officials violated her rights under the Fourth, Eighth, and Fourteenth Amendments when they searched her, seized her property, failed to properly train employees, and failed to provide her with a "Notice of Visit Termination" form after she was denied a visit with her husband at Corcoran State Prison on September 14, 2007.  Each lawsuit stands on its own and can be litigated individually.

The co-plaintiffs fail to offer any facts demonstrating how severance will result in damage to the case, misrepresentation of the facts, or violation of her due process rights.  There is no evidence before the court that allowing these two lawsuits to proceed independently will cause prejudice, unfairness, or injustice.  On the contrary, as stated in the court's severance order, allowing the co-plaintiffs to proceed together in one action, with one plaintiff incarcerated, would almost certainly present procedural problems causing delay and confusion.  The co-plaintiffs have not demonstrated any new or different facts or circumstances to warrant reconsideration of the court's decision to sever the cases.

Plaintiff Christine Jones shall be granted additional time to file an amended complaint in this action, pursuant to the court's order of September 16, 2008.  Plaintiff is cautioned that her failure to obey the court's order will result in a recommendation that this action be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff Christine Jones is GRANTED an extension of time in which to file an amended complaint, pursuant to the court's order of September 16, 2008;

2. Within thirty days of the date of service of this order, plaintiff Christine Jones shall file an amended complaint in this action, bearing her case number 1:08-cv-01383-LJO-SMS-PC; and

3. The Clerk is DIRECTED to file, docket, and serve a copy of this order in case 1:08-cv-00069-LJO-SMS-PC.; and

4. Plaintiff's failure to comply with the court's order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   November 6, 2008**               /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE